IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| LaPHONSE AKILO TREMANE YOUNG | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION 04-0606-BH-D |
| EDWARD A. EVERSMAN, et al., | : | |
| Defendants. | : | |

**REPORT AND RECOMMENDATION**

Plaintiff, a federal prison inmate proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint in which he sues both federal and state officials. This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). It is recommended that, prior to service of process, the claims against defendants Davis, United States Marshals Service ("Marshals Service"), Mobile County Metro Jail ("jail"), and Tillman be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and the claims against defendants Lewis, LaBarge, Taylor, and Unknown United States Marshals be dismissed without prejudice for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[1] Notwithstanding this report and recommendation, the claims against defendant Eversman will proceed in this action.

**I.  Complaint as amended (Docs. 1, 10, 13, 16).**

Plaintiff names as defendants Edward A. Eversman, Wesley Davis, Marsha H. Lewis, and Cliff LaBarge, Deputy United States Marshals; William S. Taylor, United States Marshal for the Southern

---

[1]In screening this action under 28 U.S.C. § 1915(e)(2)(B), the court examined its docket and discovered plaintiff had two other civil actions pending *Young v. Tillman, et al.,* CA 05-0257-BH-C, and *Young v. Sanders,* CA 05-0349-CB-B.

District of Alabama; the Marshals Service; the jail; Jack S. Tillman, Sheriff of Mobile County, Alabama; and Unknown United States Marshals.[2]

The following is a description based on plaintiff's allegations contained in his general description of his claims. On September 17, 2002, plaintiff, a federal inmate, was being housed at the jail when he entered a holding cell where defendants Eversman and Davis were searching and securing four other inmates for transport to the federal court. He alleges defendant Eversman immediately began talking "disrespectfully" to him because he was the last inmate to enter the holding cell and his hair was not combed. He spoke up for himself but did not use threatening language or cause a provocation when defendant Eversman directed profane and obscene language at him and threatened him. Meanwhile, defendant Davis was securing inmates and, therefore, did not attempt to intervene.

Then, defendant Eversman searched plaintiff and secured him with leg irons, a belly chain, and handcuffs. After defendant Eversman moved to the "next and last" inmates to be secured, the two still exchanged words. Suddenly, "out of no where" defendant Eversman grabbed plaintiff's throat with his left hand and plaintiff's hair with his right hand and slammed plaintiff's head repeatedly against the wall,

---

[2]The court observes that plaintiff named as defendants mostly federal entities in addition to a couple of state entities. A claim against a federal entity for a violation of a constitutional right is brought in a *Bivens* action. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). However, the law under § 1983 is generally applied to a *Bivens* action. *Abella v. Rubino,* 63 F.3d 1063, 1065 (11th Cir. 1995) (citing *Butz v. Economou*, 438 U.S. 478, 500, 98 S.Ct. 2894, 2907, 57 L.Ed.2d 895 (1978)). Thus, the court is treating the claims against the federal entities under *Bivens* and the claims against the state entities under §1983 and will refer to the applicable law as § 1983 law. Therefore, it is recommended that plaintiff's second motion to amend (Doc. 16) be granted to the extent that he seeks to maintain the action under *Bivens* and § 1983 and that the remainder of the motion be denied because plaintiff has not provided information about the substance of another amendment. *Long v. Satz,* 181 F.3d 1275, 1279 (11th Cir. 1999) (upheld denial of amendment because the amendment was not before the court).

choking plaintiff and threatening "to beat plaintiff's ass." Defendant Davis pulled defendant Eversman and talked defendant Eversman into letting plaintiff go. Even though the jail had surveillance cameras which were monitored twenty-four hours a day, no jail personnel prevented or intervened in the assault.

At the courthouse, defendant Eversman continued threatening plaintiff. Plaintiff reported the attack to defendants LaBarge and Lewis. Thereupon, defendant United States Marshals Service obtained the videotapes from the jail.

Plaintiff claims he suffered from back pain, migraine headaches, dizziness, upset stomach, vomiting, and other discomforts, and that his letter complaints to defendants Taylor, LaBarge, and Lewis yielded no results. Then, plaintiff claims that his telephone calls to defendant Lewis and LaBarge, stating that he needed to see a doctor because the jail was not taking care of his medical needs, met with no results, and that defendant Lewis told defense counsel to advise plaintiff not to call defendant Marshals Service again. Plaintiff also sent a letter to deputy warden Owens advising him of the assault and the lack of medical treatment at the jail and requesting to file criminal charges against defendant Eversman, which was ignored. Defendant Marshals Service also ignored his request to file criminal charges against defendant Eversman. For relief, plaintiff seeks compensatory, punitive, and nominative damages and injunctive relief.

## II. Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because plaintiff is proceeding *in forma pauperis*, the court is reviewing plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B).[3] Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous

---

[3] The predecessor to this section is 28 U.S.C. § 1915(d). Even though Congress made many substantive changes to § 1915(d) when it enacted 28 U.S.C. § 1915(b)(2)(B), the frivolity and the failure to state a claim analysis contained in *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104

where it lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, *id.* at 327, 109 S.Ct. at 1833, the claim seeks to enforce a right which clearly does not exist, *id.*, or there is an affirmative defense that would defeat the claim, such as the statute of limitations, *Clark v. Georgia Pardons & Paroles Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990). Judges are accorded "not only the authority to dismiss [as frivolous] a claim based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327, 109 S.Ct. at 1833. Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)); *see Mitchell v. Farcass,* 112 F.3d 1483, 1490 (11th Cir. 1997) (noting that § 1915(e)(2)(B)(ii)'s language tracks the language of Fed.R.Civ.P. 12(b)(6)).

### III. Discussion.

Instead of providing facts to support an individual claim against a single defendant in the space provided on the complaint form, plaintiff refers back to the general factual description of his claims.

---

L.Ed.2d 338 (1989), was unaltered. *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir.), *cert. denied,* 534 U.S. 1044, 122 S.Ct. 624, 151 L.Ed.2d 545 (2001); *Brown v. Bargery*, 207 F.3d 863, 866 n.4 (6th Cir. 2000). However, dismissal under § 1915(e)(2)(B) is now mandatory. *Bilal,* 251 F.3d at 1348-49.

The only specific information about a defendant offered by plaintiff in the space provided on the complaint form are legal conclusions and terms, such as negligence, supervisor liability, etc. The court, therefore, will address, in turn, the claims against each defendant and refer to the facts connected to that defendant in plaintiff's general description of his claims.

Plaintiff describes the specific claim against defendant Davis as "negligence; failure to protect; violation of civil rights; deliberate indifference." The only factual allegations directed to defendant Davis are based on his failure to intervene or stop the verbal exchange and on his pulling defendant Eversman from plaintiff and telling defendant Eversman to let plaintiff go. In regard to a claim for profanity and threats, in a § 1983 action such verbal harassment does not present a claim of constitutional magnitude. *McFadden v. Lucas,* 713 F.2d 143, 146 (5th Cir.), *cert. denied,* 464 U.S 998, 104 S.Ct. 499, 78 L.Ed.2d 69 (1983); *Stacey v. Ford,* 554 F. Supp. 8, 9 (N.D. Ga. 1982). Therefore, the failure to stop such conduct is frivolous as a matter of law.

The other acts by defendant Davis of pulling defendant Eversman from plaintiff and telling him to let plaintiff go are responsible acts and do not support a constitutional violation. Furthermore, they are inconsistent with plaintiff's claim of negligence, failure to protect, violation of civil rights, and deliberate indifference. Based on plaintiff's rendition of the facts, defendant Davis appropriately intervened in the alleged situation. *Cf. Skrtich v. Thornton,* 280 F.3d 1295, 1302 (11th Cir. 2002) (holding liability may occur when an officer fails to take reasonable steps to protect a victim of another officer's use of excessive force) (quotation marks omitted). Accordingly, plaintiff's claim is frivolous in fact.

Defendants Lewis, LaBarge, and Taylor have a claim lodged against them for "negligence;


supervisory liability; failure to train; violation of civil rights; deliberate indifference." In order to state a claim under § 1983, there must be a violation of a constitutional or federal right. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 330-31, 106 S.Ct. 662, 664, 88 L.Ed.2d 662 (1986). However, "the Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property." *Daniels*, 474 U.S. at 328, 106 S.Ct. at 663. Furthermore, in a § 1983 action a supervisor cannot be held vicariously liable for the acts of an employee or subordinate. *Monell v. Department of Social Services of New York*, 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978).

Plaintiff also asserts "failure to train." However, there are no factual allegations in the general description to support a theory of failure to train. More must be alleged than an incident has occurred and therefore it follows that there was a failure to train by supervisory individuals. Rather, it must be shown through some identified deficiency in training that a constitutional deprivation occurred, and not through an independent propensity or action of the perpetrator. *Sewell v. Town of Lake Hamilton,* 117 F.3d 488, 490 (11th Cir.), *cert. denied,* 522 U.S. 1075, 118 S.Ct. 852, 139 L.Ed.2d 753 (1998).

Lastly, plaintiff claims that he wrote numerous letters to defendants Taylor, Lewis, and LaBarge about his medical needs and made numerous unproductive calls to Lewis and LaBarge about needing to see a doctor because the jail was not taking care of his medical needs and that defendant Lewis told defense counsel to advise plaintiff not to call defendant Marshals Service again. Plaintiff's allegations fall short of stating a claim upon which relief can be granted. Plaintiff was incarcerated at the jail, which

is a county facility that meets the daily living requirements of inmates.  Whereas, defendants Taylor, Lewis, and LaBarge are supervisory personnel with defendant Marshals Service.  Plaintiff has not alleged that it was the duty of any one of these supervisory officials to ensure that he saw a doctor while at the local jail, much less that it was their duty that they tend to his medical needs at the local jail.  *Cf. Jordan v. Doe,* 38 F.3d 1559, 1566 (11th Cir. 1994) (finding individual marshals were entitled to qualified immunity when they transported plaintiff to the local jail and contracted to place plaintiff in the jail because based on the knowledge they had about the local jail, a reasonable government official would not have believed that the conditions would have deprived plaintiff of one human need); *Holland v. City of Atmore,* 168 F. Supp.2d 1303, 1309 (S.D. Ala. 2001) (dismissing claims because there was "no effort to identify a legal or factual basis for imposing Section 1983 liability on mayor, council and councilmen" for the inmate's suicide while at the jail), *aff'd* 37 Fed. Appx. 505 (11th Cir. 2002). Furthermore, plaintiff does not allege that he suffered an injury as a result of defendant Taylor's, Lewis's, and LaBarge's actions or inactions.  *Lewis v. Casey*, 518 U.S. 343, 349-51, 116 S.Ct. 2174, 2179-80, 135 L.Ed.2d 606 (1996) (holding a prisoner must establish that he has suffered an actual injury or will imminently suffer an actual injury in order to have standing to bring a claim). Accordingly, plaintiff has failed to state a claim upon which relief can be granted against defendants Taylor, Lewis, and LaBarge.

In addition to naming employees of the Marshals Service as defendants, plaintiff has named the Marshals Service itself as a defendant.  However, in a *Bivens* action there can be no recovery against the Marshals Service because it is not a suable entity.  *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (holding in order to bring a viable § 1983 action, the defendant sued must be an entity that is

subject to being sued).  Congress has not authorized in explicit language that the Marshals Service can be sued in its own name, *see* 28 U.S.C. §§ 561 - 569 (statutes governing the United States Marshals Service), nor has Congress implied that the Marshals Service can be sued because it is an offspring of a suable entity.  *Blackmar v. Guerre*, 342 U.S. 512, 515, 72 S.Ct. 410, 412, 96 L.Ed.2d 534 (1952) ("When Congress authorizes one of its agencies to be sued *eo nomine*, it does so in explicit language, or impliedly because the agency is the offspring of such suable entity.").  Consequently, defendant Marshals Service is not an entity that may be sued.  Accordingly, the claims against defendant Marshals Service are due to be dismissed as frivolous as a matter of law.

Plaintiff also has named "Unknown" of the Marshals Service as defendants.  There is no particularized identifying information offered about these defendants.  The claims are similar to the claims lodged against individual Marshals Service defendants, i.e., "negligence; supervisory liability; failure to train; failure to protect; violation of civil rights; deliberate indifference."  In the absence of specific identifying information, it is recommended that the fictitious Marshals Service defendants be dismissed without prejudice from this action for failure to state a claim upon which relief can be granted. *Cf. Dean,* 951 F.2d at 1215-16 (finding the identification of defendant as chief was sufficient for service of process to issue).

In addition to naming federal entities as defendants, plaintiff named Sheriff Tillman as a defendant and lodged claims against him based on "negligence; supervisory liability; failure to protect; violation of civil rights; deliberate indifference."  However, the complaint's general description contains no reference to defendant Tillman.  Therefore, the court finds plaintiff has failed to allege the required causal connection for stating a claim under § 1983 against defendant Tillman.  *Zatler v. Wainwright*,

8

802 F.2d 397, 401 (11th Cir. 1986) (finding a plaintiff must establish a causal connection between a defendant's actions, orders, customs, policies, or breaches of statutory duty and a deprivation of the plaintiff's constitutional rights in order to state a claim upon which relief may be granted in a § 1983 action); *Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir.) (same), *cert. denied*, 464 U.S. 932, 104 S.Ct. 335, 78 L.Ed.2d 305 (1983).  Furthermore, the court finds that a claim against defendant Tillman that would be consistent with the complaint's allegations is a claim based on *respondeat superior*.  Such a claim, however, is not recognized under § 1983 and is, therefore, frivolous as a matter of law.  *Monell,* 436 U.S. at 691, 98 S.Ct. at 2036.

**IV.  Conclusion.**

Based upon the foregoing reasons, it is recommended that, prior to service of process, the claims against defendants Davis, United States Marshals Service, Mobile County Metro Jail, and Tillman be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and the claims against defendants Lewis, LaBarge, Taylor, and Unknown United States Marshals be dismissed without prejudice for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The attached sheet contains important information regarding objections to the report and recommendation.

**DONE and ORDERED** this 25th day of July, 2005.

>  s / Kristi K. DuBose
>  **KRISTI K. DuBOSE**
>  **UNITED STATES MAGISTRATE JUDGE**

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.     **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

> A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.     **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.     **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                              **KRISTI K. DuBOSE**
                                              **UNITED STATES MAGISTRATE JUDGE**

10